1

2

3

4                          UNITED STATES DISTRICT COURT

5                     FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7    CYMEYON HILL                            Case No.  2:22-cv-00342-JDP (PC)

8                Plaintiff,                  ORDER GRANTING PLAINTIFF'S
                                             APPLICATION TO PROCEED *IN FORMA*
9         v.                                 *PAUPERIS*

10   JEFF LYNCH, et al.,                     SCREENING ORDER THAT PLAINTIFF:

11              Defendants.                  (1) STAND BY HIS COMPLAINT
                                             SUBJECT TO A RECOMMENDATION
12                                           THAT IT BE DISMISSED; OR

13                                           (2) FILE A SECOND AMENDED
                                             COMPLAINT
14
                                             ECF Nos. 6 & 7
15
                                             THIRTY-DAY DEADLINE
16

17

18

19        Plaintiff, a civil detainee, alleges that defendants violated his Eighth Amendment rights by

20   ignoring his inhumane conditions of confinement.  This claim is not adequately plead, but I will

21   give plaintiff leave to amend his complaint.  Additionally, I will grant plaintiff's application to

22   proceed *in forma pauperis*.

23                               **Screening Order**

24        **I.      Screening and Pleading Requirements**

25        A federal court must screen a pro se litigant's complaint.  *See* 28 U.S.C. § 1915(e)(2).

26   The court must identify any cognizable claims and dismiss any portion of the complaint that is

27   frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

28   relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(b).

                                          1

1       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

2   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

3   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

4   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

5   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

6   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

7   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

8   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

9   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

10  n.2 (9th Cir. 2006) (en banc) (citations omitted).

11      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

12  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

13  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18      **II.       Analysis**

19      Plaintiff alleges that the defendants violated his Eighth Amendment rights by ignoring a

20  leak in the roof of his cell through which unsanitary water and raw sewage is leaking.  ECF No. 6

21  at 4-5.  These circumstances, taken as true, raise a potentially viable conditions of confinement

22  claim.  Plaintiff has failed, however, to adequately allege how each defendant personally violated

23  his rights.  Instead, he simply alleges that he "notified" the five listed defendants of the conditions

24  and that they took no action.  *Id.* at 3-4.  This is the sort of broad, conclusory allegation that the

25  Supreme Court has deemed insufficient to comply with the pleading standards of the Federal

26  Rules of Civil Procedure.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To suffice, a

27  complaint must provide enough detail to put each defendant on notice as to how he or she is

28  personally alleged to have violated plaintiff's rights.  Here, adequate pleading demands that

2

1  plaintiff allege how he interacted with each of the named defendants.  He should explain when

2  and what he told each defendant about his conditions of confinement and how each responded.

3         Plaintiff may file an amended complaint that addresses these shortcomings.  If he decides

4  to do so, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa*

5  *County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended

6  complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D.

7  Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves

8  any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need

9  to assert each claim and allege each defendant's involvement in sufficient detail.  The amended

10  complaint should be titled "Second Amended Complaint" and refer to the appropriate case

11  number.

12         Accordingly, it is ORDERED that:

13         1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

14         2.  Within thirty days from the service of this order, plaintiff must either file an amended

15  complaint or state his intent to stand by the current complaint, subjecting to a recommendation of

16  dismissal for failure to state a claim.

17         3.  Failure to comply with this order may result in the dismissal of this action.

18         4.  The Clerk of Court is directed to send plaintiff a complaint form.

19

20  IT IS SO ORDERED.

21

22  Dated:    July 18, 2022                        _____

23                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

3