UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | Case No. 2:22-cv-00342-JDP (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFF LYNCH, *et al.*, | |
| Defendants. | |

Plaintiff alleges that defendants knowingly allowed him to live in an unsanitary cell at California State Prison-Sacramento. ECF No. 11. He has filed a motion for preliminary injunction and temporary restraining order that requests defendants stop violating his constitutional rights and endangering his health and safety. ECF No. 15 at 2.

In April 2022, plaintiff filed a grievance about raw sewage and rainwater leaking from the roof of his cell. *Id.* at 2. According to plaintiff, defendants reviewed this grievance but chose not to fix the hazardous conditions in his cell (or in other cells with the same issue in the B Facility). *Id.* at 4. Plaintiff claims that these unsanitary conditions will likely cause him harm. *Id.* at 7. Additionally, plaintiff seems to challenge the subject matter jurisdiction of this court because he is a civil detainee.[1]  *Id.* at 2, 6.

---

[1] The court has jurisdiction over this matter because plaintiff alleges a federal claim. *See* 28 U.S.C. § 1331.

1

It appears that plaintiff has commenced another case in this court about judicial misconduct. In that other case, he filed a similar motion for a preliminary injunction, which was denied. *Id.* at 3.

Defendants argue that plaintiff's request is moot since plaintiff is no longer housed at California State Prison-Sacramento ("CSP-Sacramento"), and the repairs have been fixed. ECF No. 23 at 2. Defendants do not dispute that plaintiff's cell leaked rainwater, but claim that on June 4, 2022, after plaintiff submitted a grievance (which he did on April 12, 2022), a work order issued for the repairs, and the relevant work was completed on February 23, 2023. *Id.* at 3-4. Defendants include with their motion the declaration of N. Meadows, a Correctional Counselor II – Litigation Office for CSP-Sacramento, and Exhibit A, which establishes that plaintiff's April 12, 2022 grievance was granted and work order #563634 issued for the repairs. ECF No. 23-1 at 1-2; ECF No. 23 at 6. Additionally, defendants provide a declaration from P. Leffel, the Correctional Plant Supervisor for CSP-Sacramento, and Exhibit B, both of which show that the roof repairs for B7-B8 (where plaintiff was housed) were completed on February 23, 2023. ECF No. 23-2 at 1-2; ECF No. 23 at 8.

Defendants further ask the court to take judicial notice of that fact that plaintiff is now housed at Patton State Hospital. ECF No. 23-3 at 1-2. Defendants cite the docket entry in this case on February 14, 2023, showing plaintiff's change of address. *Id.* They also provide a copy of a change of address form plaintiff submitted in another case on February 13, 2023. *Id.*

Plaintiff is no longer incarcerated at CSP-Sacramento, which renders this motion moot. Plaintiff does not appear to dispute that he is now at Patton State Hospital; indeed, he provided a change of address form on February 14 indicating as much. Any roof leak at his prior institution is no longer an appropriate subject for injunctive relief from this court. *See Johnson v. Moore*, 948 F.2d 517, 522 (9th Cir. 1991) (finding injunctive relief claims related to a particular prison are mooted by a transfer to another facility without a reasonable expectation of return). Moreover, defendants have provided evidence that the leaks in plaintiff's previous cell have been fixed, and plaintiff does not appear to dispute this claim.

Accordingly, it is ORDERED that the Clerk of Court randomly assign a district judge to this matter.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunctive relief, ECF No. 15, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 1, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE