UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | Case No. 2:22-cv-00342-TLN-JDP (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| v. | DENYING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS |
| JEFF LYNCH, *et al.*, | |
| Defendants. | ECF No. 35 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Defendants move to revoke plaintiff's *in forma pauperis* status on the grounds that plaintiff was recently declared a vexatious litigant and he is a "three-striker" within the meaning of 28 U.S.C. § 1915(g). ECF No. 35. Both arguments are unavailing, accordingly, I will recommend that the motion be denied.

    The Ninth Circuit has consistently read 28 U.S.C. § 1915(g) to limit its application to prisoners, i.e., individuals who are in custody as a result of a conviction or who are being detained for allegedly committing a crime. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("Thus, a civil detainee is not a "prisoner" within the meaning of the PLRA.") (citations omitted); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (finding that the civil detainee plaintiff was

1

1 not a "prisoner" within the meaning of the Prison Litigation Reform Act).  Consequently, because
2 plaintiff is a civil detainee, the three strikes bar provided by § 1915(g) does not apply to his filing
3 of this action.  *See Townsend v. Hemela*, No. 1:19-cv-01054-NONE-BAM (PC), 2021 WL
4 3737467, at *4 (E.D. Cal. Aug. 24, 2021) (denying the defendants' motion to revoke the
5 plaintiff's *in forma pauperis* status because the plaintiff was a civil detainee and not subject to
6 § 1915(g)'s three strikes bar).

7 Defendants' second argument is thwarted by timing.  Defendants contend that on October
8 18, 2023, plaintiff was deemed a vexatious litigant by this court.  ECF No. 35-1 at 2.  Yet,
9 plaintiff initiated this action on February 15, 2022, well before he was declared a vexatious
10 litigant.  ECF No. 1.  Indeed, the consequences of being a vexatious litigant is a limit on a
11 litigant's ability to file an action.  If a litigant is declared vexatious, a court may impose *pre-filing*
12 restrictions.  *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); L.R. 151(b).  I am
13 unaware of, and defendants have not cited, any authority authorizing this court to retroactively
14 revoke a litigant's *in forma pauperis* status because he was later declared a vexatious litigant.

15 Accordingly, it is hereby RECOMMENDED that defendants' motion to revoke plaintiff's
16 *in forma pauperis* status, ECF No. 35, be denied.

17 These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
19 after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties.  Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
22 objections shall be served and filed within fourteen days after service of the objections.  The
23 parties are advised that failure to file objections within the specified time may waive the right to
24 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
25 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

26
27
28

IT IS SO ORDERED.

Dated:   April 30, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE