UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-0342-TLN-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Cymeyon Hill, a civil detainee, brings a Fourteenth Amendment claim against defendants Jeff Lynch, the Warden of California State Prison-Sacramento ("CSP-Sac"), Captain Conrad; A. Scotland, the Associate Warden; and Sergeant Bater for keeping him in a cell that leaked a thick, brown substance from the ceiling. Defendants move for summary judgment, arguing that plaintiff was never exposed to a substantial risk of harm, and that, even if he was, defendants had no knowledge of it, and plaintiff suffered no harm as a result. Additionally, defendants claim qualified immunity. I recommend granting defendants' motion.

**Background**

The undisputed evidence indicates that plaintiff was a civil detainee housed in the B-Facility at CSP-Sacramento.[1] ECF No. 11 at 3. Plaintiff filed a grievance on April 12, 2022, complaining that raw sewage and rainwater were leaking into his cell from the ceiling. ECF No. 11 at 3. In response to plaintiff's grievance, on April 29, 2022, Plant Operations issued work order #563634 to the Carpentry Department to "repair damaged roofs causing leaks in B8 Facility cell 223." ECF No. 48-6 at 4. Plaintiff was housed in cell 223 at the time. ECF No. 11 at 3. Plaintiff's grievance was granted on June 4, 2022. ECF No. 48-6 at 4. The repairs to the roof for B-Facility 8 began on February 21, 2023, and finished on February 23, 2023.[2] *Id.* at 6.

Plaintiff testified at his deposition that a "brown, thick substance" was leaking from his roof, but that he was unsure what it was. ECF No. 48-4 at 9-10. He further testified that each defendant knew of the substance coming from his roof. *Id.* at 10; ECF No. 11 at 3. However, each defendant filed a declaration attesting that they never reviewed plaintiff's grievance and that they either do not recall or never had a conversation with plaintiff about the leak. ECF No. 48-6 at 2 (defendant Lynch); ECF No. 48-7 at 2 (defendant Scotland); ECF No. 48-8 at 2 (defendant Baker); and ECF No. 48-9 at 2 (defendant Conrad). Each defendant also attests that while some cells had rainwater leaks in April 2022, "[a]t no point during, or after April 2022, was there ever raw sewage leaking into any cells, including Plaintiff's cell." *Id.*

Plaintiff testified that he suffered symptoms from the leaking substance, but that the prison doctor declined to provide him treatment (apart from Tylenol) and told plaintiff that there was nothing medically wrong with him. *Id.* at 11-12. Plaintiff states in the operative complaint that the leak caused him to suffer nausea, dizziness, severe headaches, and imbalance. ECF No. 11 at 3.

---

[1] The court considers plaintiff's amended complaint as his declaration because he signed it under penalty of perjury. Defendants cite to plaintiff's amended complaint as evidence. *See* ECF No. 48-3 at 1-2.

[2] Defendant Conard states in his declaration that once the work order issued for the repairs to plaintiff's cell, there "would have [been] a spot repair to stop rainwater intrusion within a few weeks." ECF No. 48-9 at 2. However, plaintiff states that the leak was not fixed by the time he filed his amended complaint on July 21, 2022. ECF No. 11 at 4.

2

**Legal Standard**

    **A.**    **Summary Judgment**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The same standards apply to both a motion for summary judgment and a motion for summary adjudication. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing either that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an

1   essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
2   *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this
3   initial burden, the burden then shifts to the non-moving party "to designate specific facts
4   demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
5   376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than
6   the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
7   U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material
8   issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
9   require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec.*
10  *Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

11  The court must apply standards consistent with Rule 56 to determine whether the moving
12  party has demonstrated there to be no genuine issue of material fact and that judgment is
13  appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
14  "[A] court ruling on a motion for summary judgment may not engage in credibility
15  determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
16  2017) (citation omitted). The evidence must be viewed "in the light most favorable to the
17  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
18  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
19  198 F.3d 1130, 1134 (9th Cir. 2000).

20  **B.   Fourteenth Amendment Conditions of Confinement**

21  The constitutional standards governing conditions of confinement for civil detainees are
22  outlined in *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004). There, the Court of Appeals
23  clarified that civil detainees cannot be held in conditions that amount to punishment. *Id.* "The
24  Fourteenth Amendment requires the government to do more than provide the 'minimal civilized
25  measure of life's necessities, for non-convicted detainees[; r]ather, 'due process requires that the
26  nature and duration of commitment bear some reasonable relation to the purpose for which the
27  individual is committed.'" *Id.* at 931 (citations omitted). Punitive conditions of confinement are
28  those that are either expressly intended to punish or those that are "excessive in relation to the

alternative purpose." *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)).  In determining whether specific conditions constitute punishment, the Ninth Circuit has applied a presumption that a civil detainee is being held in unconstitutionally punitive conditions when held in conditions that are "identical to, similar to, or more restrictive than, those in which his criminal counterparts are held." *King v. Cnty. of Los Angeles*, 885 F.3d 548, 557 (9th Cir. 2019) (quoting *Jones*, 393 F.3d at 932)).

The Ninth Circuit analyzes conditions of confinement claims under the objective deliberate indifference standard.  *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (adopting objective deliberate indifference standard based on *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to evaluate failure to protect claim brought by pretrial detainee).  To state a claim of unconstitutional conditions of confinement against an individual defendant, a civil detainee must allege facts that show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.  *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018); *Castro*, 833 F.3d at 1071.

**Analysis**

Plaintiff argues that summary judgment should not be granted because defendants knew about the risks associated with him remaining in his leaking cell but did not move him or abate the leak.  Plaintiff also argues that the substance caused him to feel sick.  ECF No. 49. Defendants argue that plaintiff has not met his burden to sustain an Eighth Amendment claim.[3] ECF No. 48.  Specifically, they argue that rainwater leaking from a ceiling does not constitute a

---

[3] As explained above, because plaintiff is a civil detainee, his claim proceeds under the Fourteenth Amendment instead of the Eighth Amendment.  *See Jones*, 393 F.3d at 932; *Gordon*, 888 F.3d at 1125.

1   substantial risk of serious harm, and that if even plaintiff was faced with a serious risk of harm,
2   defendants had no knowledge of the harm and plaintiff never suffered harm as a result.

3         The parties dispute what substance leaked into plaintiff's cell and whether defendants
4   were on notice of the leak, but there is no genuine dispute whether plaintiff suffered any harm.
5   Accordingly, summary judgment for defendants is appropriate.

6         To state a condition of confinement claim, plaintiff must demonstrate that defendants'
7   actions caused him injury. *Gordon*, 888 F.3d at1125.  Plaintiff states in his amended complaint
8   that he suffered nausea, dizziness, severe headaches, and imbalance due to the leaking substance.
9   The Court of Appeals has held that "uncorroborated and self-serving testimony," without more,
10  will not create a "genuine issue" of material fact precluding summary judgment. *See Villiarimo v.*
11  *Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).  And that a "conclusory, self-serving
12  affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine
13  issue of material fact." *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2010) (citation
14  omitted).  And here, under Federal Rules of Evidence 701, plaintiff, a layperson, may not offer
15  medical opinions or conclusions based on his symptoms.  Plaintiff's own opinion that he suffered
16  symptoms from the leak is unsupported by any medical evidence. *See Keel v. Davidson County*
17  *Sheriff's Office*, 2015 WL 799724 *3 (M.D. Tenn. Feb. 25, 2015) (finding that a temporary
18  exposure to sewage water in the plaintiff's cell, without any evidence of resulting physical
19  injuries, fails to satisfy the objective component requiring a showing of a "substantial risk of
20  serious harm").  Indeed, plaintiff testified that he was seen by a doctor regarding his symptoms,
21  but the doctor found there was nothing wrong with him. ECF No. 48-4 at 11-12.

22        Because plaintiff has failed to carry his burden on whether he suffered any harm, the court
23  need and will not address defendants' remaining arguments.

24        Accordingly, it is hereby RECOMMENDED that:

25        1. Defendants' motion for summary judgment, ECF No. 48, be granted.

26        2. Judgment be entered in defendants' favor and against plaintiff.

27        3. The Clerk of Court be directed to close the case.

28

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 25, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE